UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————

SHAMON KENNEDY,                      :
                                     :
            Petitioner,              :
                                     :
     v.                              :        No. 2:16-cv-02254
                                     :
THE DISTRICT ATTORNEY OF             :
THE COUNTY OF CHESTER; and           :
THE ATTORNEY GENERAL OF              :
THE STATE OF PENNSYLVANIA;           :
            Respondents.             :
———————————————————————              :

**O P I N I O N**
**Report and Recommendation, ECF No. 9 – Adopted**

**Joseph F. Leeson, Jr.**                                    **November 30, 2017**
**United States District Judge**


## I.      INTRODUCTION

Shamon Kennedy filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254 challenging his 2009 conviction for aggravated assault, conspiracy to commit aggravated

assault, firearms not to be carried without a license, persons not to possess, use, manufacture,

control, sell, or transfer firearms, and five counts of recklessly endangering another person. ECF

No. 1. Kennedy later filed an amended petition.[1] ECF No. 2. United States Magistrate Judge

Linda K. Caracappa issued a Report and Recommendation (R&R) recommending that the habeas

corpus petition be dismissed as untimely. ECF No. 9. Kennedy timely filed objections to the

R&R. ECF No. 10. After de novo review and for the reasons set forth below, the R&R is adopted

and the habeas petition is dismissed as untimely.

———————————————

[1]      The amended petition is identical to the first petition, except that it is unsigned and
undated and contains additional exhibits.

## II.    FACTUAL AND PROCEDURAL HISTORY

The Court adopts the factual and procedural history as summarized by Magistrate Judge Caracappa in the R&R. In his Objections, Kennedy takes issue with the R&R because it lists four grounds for relief instead of the six in his petition. Pet'r's Objs. 1-2. Kennedy does in fact present six claims in his habeas petition: (1) that the prosecutor committed misconduct by cross-examining him at trial about a previous federal conviction; (2) that the trial court committed error by allowing the prosecution to ask about his federal conviction; (3) that trial counsel was ineffective for not filing a motion in limine to prevent the prosecution from asking about his federal conviction; (4) that trial counsel was ineffective for not requesting a mistrial and cautionary instruction concerning his federal conviction; (5) that trial counsel was ineffective for not asking additional questions of a witness for the defense; (6) that trial counsel was ineffective for not asking Kennedy specific questions about seeing a co-conspirator with two guns before the incident. This Court concludes that the R&R otherwise accurately summarizes the facts and procedural history of the case.

## III.    STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate

Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

## IV.     ANALYSIS

This Court has considered Kennedy's Objections to the R&R and conducted a de novo review of his habeas corpus petition. Magistrate Judge Caracappa correctly concluded that Kennedy did not file his habeas petition within a year after his conviction became final, taking into account statutory tolling for his properly filed first PCRA petition; the Court makes no separate findings or conclusions in this regard. *See Hill*, 655 F. App'x. at 147. Kennedy does not dispute these conclusions in his Objections, but argues instead that the alternative statute of limitations calculation in 28 U.S.C. § 2254(d)(1)(B) applies or, in the alternative, equitable tolling should save his claim. Neither of these arguments justifies extending the limitations period beyond May 18, 2014, and Kennedy's petition is untimely.

As Magistrate Judge Caracappa recognized, applying statutory tolling for the period when his properly filed first PCRA petition was pending, Kennedy had thirty-two days to file a habeas petition after the Pennsylvania Supreme Court denied his petition for allowance of appeal on April 16, 2014, such that the statute of limitations expired on May 18, 2014. Kennedy argues that the statute of limitations should begin to run instead on May 7, 2015, when he received the order from the PCRA court denying his second PCRA petition as untimely, and run until May 7, 2016. He contends that, because of his incarceration in federal prison without access to Pennsylvania legal materials, he "was denied the opportunity of going through the post conviction process aware of how the procedural rules work to inform him of when to file, his option to file a federal habeas and what the deadline would of [sic] been for the federal habeas

the way other state prisoners are afforded that access." Pet. 28-29. If he had had access to "state procedural rules and laws," Kennedy argues, he would have filed a timely state PCRA petition and "known he had a federal habeas option and the deadline for it to be filed." *Id.* at 29. In short, Kennedy argues that this Court should accept his petition because of his unfamiliarity with the Pennsylvania collateral relief rules and the availability of habeas relief.

Kennedy's lack of familiarity with Pennsylvania collateral relief procedure does not entitle him to the alternative calculation of the statute of limitations under 28 U.S.C. § 2254(d)(1)(B). This alternative calculation allows the one-year statute of limitations clock to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2254(d)(1)(B). Kennedy argues that his incarceration in federal prison without access to Pennsylvania legal materials impeded his ability to file his habeas petition, and that this "impediment" was removed on May 7, 2015, when he received the order from the PCRA court denying his second PCRA petition as untimely. Pet. 28.

Kennedy's reliance on his lack of access to Pennsylvania legal materials while in federal prison is misplaced, because the issue before this Court is the timeliness of his federal habeas petition, not his Pennsylvania PCRA petitions. And Kennedy's own habeas petition casts doubt on his argument that he first became aware of the one-year habeas deadline on May 7, 2015. In a letter to the PCRA court dated November 21, 2012, discussing communication issues between his PCRA counsel and him, Kennedy writes: "I am in a situation where effective representation is especially needed by PCRA counsel because I am currently acting as a pro se litigant on my Federal 2255 petition and struggling to meet the one year statute of limitations deadline." Pet'r's

Ex. Q, ECF No. 2 at 161. Thus, Kennedy knew of the one-year statute of limitations for habeas corpus as of late November 2012—and still waited over three years to file his petition.

But even accepting at face value his argument that he truly did not know about the one-year deadline until May 7, 2015, his own ignorance of the federal deadline does not establish a state-created impediment. Nor did his uncertainty about the timeliness of his PCRA petitions and the proper procedure in Pennsylvania courts impede Kennedy from filing a habeas petition. Previous courts have recognized that limited access to legal resources in prison is not a state-created impediment. *See, e.g.*, *Otero v. Warden, SCI Dallas*, No. CV 16-4643, 2017 WL 2469616, at *2 (E.D. Pa. June 7, 2017) (finding that prison's delay in providing a recent Supreme Court decision was "a reality of prisoners' limited access to library materials rather than a state-created impediment"). Lest these rules be considered overly harsh, the Third Circuit Court of Appeals has recognized a petitioner's ability to file a "protective habeas" petition and ask the federal court to stay and abey the habeas proceeding until the petitioner exhausts state claims, and has encouraged petitioners to do so. *See Darden v. Sobina*, 477 Fed. App'x. 912, 918 (3d Cir. 2012) (quoting *Pace v. DiGugliemo*, 544 U.S. 408, 416 (2005)). *See also Fisher v. McGinley*, No. CV 14-5478, 2016 WL 6995045, at *1 (E.D. Pa. Nov. 29, 2016) (holding that petitioner's concern about exhausting state remedies did not prevent filing of habeas petition). Kennedy has not shown that the alternative statute of limitations in 28 U.S.C. § 2254(d)(1)(B) applies to his petition.

Nor does Kennedy's claimed ignorance of the applicable law entitle him to equitable tolling of the statute of limitations. Equitable tolling requires a petitioner to show (1) that he has been pursuing his rights diligently and (2) that an extraordinary circumstance prevented him from filing his petition on time. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Kennedy argues

that this Court should apply equitable tolling during the period that he did not have access to

procedural rules and laws while in prison, such that the one-year limitations period should expire

May 7, 2016. However, as Magistrate Judge Caracappa correctly recognized, lack of legal

knowledge concerning applicable deadlines does not entitle a petitioner to equitable tolling. *See*

*Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (observing that "reasonable diligence"

inquiry applies to pro se petitioners and lack of legal knowledge does not alone justify equitable

tolling); *Fisher*, 2016 WL 6995045, at *1 (noting that petitioner's claim that he had "no clue"

about the federal limitations period and required more time "to discover the exigencies of habeas

corpus" did not justify equitable tolling). Kennedy has not shown extraordinary circumstances

that prevented him from complying with the one-year timeline or that he exercised reasonable

diligence. Therefore, he is not entitled to equitable tolling.

## V.      CONCLUSION

Magistrate Judge Caracappa correctly concludes that the instant petition for writ of

habeas corpus is untimely. This Court therefore adopts the findings and conclusions in the

Report and Recommendation and follows the recommendation to deny the habeas petition as

untimely. There is no basis to issue a certificate of appealability.

A separate Order will be issued.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge